IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WAYNE GUNTHER HEUSSMAN, | : | |
|           Plaintiff, | : | |
| | : | Complaint – Civil Rights |
| vs. | : | |
| | : | |
| | : | |
| MERRICK B. GARLAND, | : | Case No. |
| Attorney General of the | : | |
| United States; and | : | |
| | : | |
| | : | |
| STEVEN DETTELBACH, | : | |
| Director, Bureau of Alcohol, | : | |
| Tobacco, Firearms, and Explosives, | : | |
| | : | |
| CHRISTOPHER A. WRAY, | : | |
| Director of the Federal Bureau of | : | |
| Investigation, | : | |
| | : | |
| UNITED STATES OF | : | |
| AMERICA, | : | |
|           Defendants, | : | |

## COMPLAINT

COMES NOW, Plaintiff, Wayne Heussman, by and through his attorney of record, Richard S. Roberts, Jr., Esq., of Giaramita Law Offices, P.C. and brings this action against Defendants, MERRICK B. GARLAND, Attorney General of the United States and STEVEN DETTELBACH, Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives, and CHRISTOPHER A. WRAY, Director of the Federal Bureau of Investigation, who brings this action for violations of his rights protected by federal law and the Constitution of the United States of America.

PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Wayne Heussman, is an adult individual, and a natural person who is a citizen of Pennsylvania and of the United States. He presently resides in Lehigh County, Pennsylvania. At present, Mr. Heussman wishes and intends to purchase and possess a handgun and long gun for the purpose of self-defense. Solely because of Defendants' active enforcement of the unconstitutional policies challenged in this matter, Mr. Heussman is precluded from doing so.

2. Defendant, MERRICK B. GARLAND, is the Attorney General of the United States and is sued in that capacity. As Attorney General of the United States, Garland is the final policymaker and has final decision-making authority over the unconstitutional policies alleged herein. Furthermore, Garland is responsible for executing and administering laws, customs, practices, and policies for the United States, and is presently enforcing the laws, customs, practices, and policies challenged and complained of in this matter.

3. Defendant, STEVEN DETTELBACH, is the Director and Head of the Bureau of Alcohol, Tobacco, Firearms, and Explosives (hereinafter, referred to as "BATFE"), and is sued in that capacity. As Director and Head of BATFE, Dettelbach has final decision-making authority over the unconstitutional policies alleged herein. Furthermore, Dettelbach is responsible for executing and administering laws, customs, practices, and policies for the United States, and is presently enforcing the laws, customs, practices, and policies challenged and complained of in this matter.

4. Defendant, CHRISTOPHER A. WRAY, is the Director of the Federal Bureau of Investigation (hereinafter, referred to as "FBI"), and is sued in that capacity.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.S. § 1331 as it is a civil action arising under the Constitution of the United States, and the laws or treaties of the United States. This Court further has subject matter jurisdiction under 28 U.S.C. § § 1343, 1346, 2201 and 2202.

6. Venue lies in this Court pursuant to 28 U.S.C. § 1391(e)(1)(B) as the Defendants are officers or employees of the United States or any agency thereof acting in their official capacity or under color of legal authority, or an agency of the United States. Moreover, a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this Court's judicial district.

### STATEMENT OF FACTS

7. The preceding paragraphs are incorporated herein by reference as if re-alleged in full.

8. Mr. Wayne Heussman is over twenty-one years of age, is not a fugitive from justice as defined under 18 U.S.C. § 921(a)(15), is neither an unlawful user of, nor addicted to any controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802)), has not been adjudicated a mental defective or committed to a mental institution, is not an alien, has not been discharged from the Armed Forces under dishonorable conditions, has never renounced his United States citizenship, and has never been the subject of a restraining order relating to an intimate partner as defined in 18 U.S.C. § 922(g)(8) and 18 U.S.C. § 921 (a)(32), and has never been convicted in any court of a felony or misdemeanor of domestic violence as defined in 18 U.S.C. § 921(a)(33) and 18 U.S.C. 922(g)(9).

9. On December 10, 2007, Mr. Heussman pleaded guilty in the Court of Common Pleas of Lehigh County to one count of Driving Under the Influence of Alcohol or Controlled Substance under 75 Pa.C.S. § 3802(a)(1). The offense allegedly occurred on May 11, 2007.

10. The offense was graded as a misdemeanor of the first degree.

11. Under Pennsylvania law, a misdemeanor of the first degree is punishable by a maximum sentence of five years imprisonment. 18 Pa.C.S. §§ 106(b)(6) and 1104(1).

12. Against his better judgment, Mr. Heussman drove a vehicle while he was under the influence of alcohol. On the night in question, in addition to driving his vehicle under the influence of alcohol, he was involved in an accident. Fortunately, no one was hurt. The Commonwealth prosecuted Mr. Heussman.

13. Mr. Heussman was sentenced to ninety days house arrest followed by 23 months' probation. He was assessed to pay the costs of prosecution, a $1,500.00 fine, and two years of probation, which he successfully completed.

14. Mr. Heussman's Pennsylvania convictions prohibit him from owning and possessing firearms under 18 U.S.C. 922(g)(1), as it is a "crime punishable by imprisonment for a term exceeding one year" as defined in 18 U.S.C. § 921(a)(20). This prohibition does not expire with any passage of time.

15. Mr. Heussman's conviction are not for offenses specifically enumerated in 18 Pa.C.S. § 6105, which refers to "Persons not to possess, use, manufacture, control, sell or transfer firearms."

16. Under 18 U.S.C. 922(g), a person is prohibited from possessing firearms if they have been convicted of a "crime punishable by imprisonment for a term exceeding one year" as defined in 18 U.S.C. § 921(a)(20).

17. As defined in 18 U.S.C. § 921(a)(20):

    > The term "crime punishable by imprisonment for a term exceeding one year" does not include—
    >
    > (A) any Federal or State offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices,
    >
    > or
    >
    > (B) any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less.
    >
    > What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

18. Defendants have taken the position that the law cited prohibits possession of a firearm for any individual who has been convicted of a misdemeanor if the maximum possible sentence exceeds two years, regardless of the nature of the crime, the amount of time served in prison, if any, or whether there are applicable mandatory minimum sentences. This includes convictions for crimes such as Driving Under the Influence of Alcohol under 75 Pa.C.S. § 3802 for which Heussman was convicted.

19. Violation of this prohibition constitutes a felony criminal offense punishable by imprisonment of up to 10 years. *See* 18 U.S.C. 924(a)(2).

20. Under 18 U.S.C. § 922(d), it is unlawful to "sell or otherwise dispose of any firearm or ammunition to any person knowing or having reasonable cause to believe that such person . . . has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . ." (as defined in 18 Pa.C.S. § 921(a)(20)). Violation of this

prohibition is a felony criminal offense punishable by imprisonment of up to 10 years. *See* 18 U.S.C. § 924(a)(2).

21. All firearms purchasers within the United States who do not possess a Federal Firearms License, meaning, virtually all ordinary civilian consumers of firearms, must complete "Form 4473, Firearms Transaction Record Part I — Over-the-Counter, administered under Defendants' authority, in order to purchase a firearm. 27 C.F.R. § 478.124.

22. Question 11(c) on Form 4473 asks:

> Have you ever been convicted in any court of a felony, or any other crime, for which the judge could have imprisoned you for more than one year, even if you received a shorter sentence including probation?

23. Defendants instruct firearm dealers not to sell firearms to anyone who answers "yes" to this question. Indeed, Defendants instruct firearm dealers to refrain from even running a background check on anyone who answers "yes" to this question, and simply to deny the transaction based on that answer:

> If a prospective purchaser answered "yes" to any of the questions on the ATF Form 4473 (other than questions 9 a. and 9 l. of the 10/98 edition), you should not contact the NICS because the subject is prohibited from purchasing.
>
> BATFE FFL Newsletter, May, 2001, Issue I, at 14, available at http://www.atf.gov/files/publications/newsletters/ffl/ffl-newsletter-2001-05.pdf (last visited February 8, 2024).
>
> If the prospective purchaser answers "yes" to any of the questions [regarding eligibility to possess firearms], the licensee has reasonable cause to believe that the transferee is prohibited. Accordingly, the transfer of a firearm to such a person would be in violation of Federal law. This is true regardless of whether the licensee received a "proceed" or "denied" response from NICS. In fact, there is no reason for the licensee to even contact NICS after a person indicates on the Form 4473 that he or she is prohibited from receiving firearms. The licensee should simply advise the prospective purchaser that the firearm may not be transferred.

> BATF FFL Newsletter, September 1999, Issue II, at 2, available at http://atf.gov/files/publications/newsletters/ffl/ffl-newsletter-1999-09.pdf (last visited February 8, 2024).

24. Mr. Heussman desires and intends to possess firearms for self-defense and defense of his family and home.

25. Due to his misdemeanor conviction, Mr. Heussman is prohibited, by Defendants, from following through with his intent to obtain a firearm, based on Defendants' interpretation and enforcement of 18 U.S.C. §§ 921 (a)(20)(B) and 922(g)(1).

26. Mr. Heussman refrains from obtaining a firearm only because he reasonably fears arrest, prosecution, incarceration, and fine under 18 U.S.C. § 922(g)(1), instigated and directed by Defendants, should he follow through with his plan to obtain a firearm.

27. Mr. Heussman refrains from purchasing a firearm from a private party, because doing so would subject him to arrest, prosecution, fine, and incarceration at Defendants' instigation and direction, for violating 18 U.S.C. § 922(g)(1).

28. Considering Defendants' interpretation of federal law, Mr. Heussman is unwilling to state on Form 4473 that he has not, in fact, been convicted of a crime punishable by imprisonment for over one year. But should Heussman answer, on Form 4473, that he has been convicted of a crime punishable by imprisonment for over one year, any federal firearms licensee who follows Defendants' directives would refuse to sell Mr. Heussman a firearm on account of the fact that Mr. Heussman is prohibited from possessing firearms under 18 U.S.C. § 922(g)(1). Thus, Mr. Heussman suffers the on-going harm of being unable to obtain firearms from licensed federal firearms dealers, which Mr. Heussman would, in fact, obtain but for the enforcement of 18 U.S.C. § 921(g)(1).

COUNT ONE
INDIVIDUALIZED, AS-APPLIED CLAIM FOR RELIEF
RIGHT TO KEEP AND BEAR ARMS, U.S. CONST. AMEND. II

29. The preceding paragraphs are incorporated herein by reference as if re-alleged in full.

30. Mr. Heussman has no history of violent behavior, or of any other conduct that would suggest he would pose any more of a danger by possessing firearms than an average, law-abiding responsible citizen. Mr. Heussman's possession of firearms would not be contrary to the public interest.

31. Mr. Heussman's Driving Under the Influence convictions cannot be considered to belong to the class of convictions for which there is a longstanding regulatory tradition justifying permanent disarmament.

32. In 2022, the Supreme Court decided *New York State Rifle and Pistol Association v. Bruen*. *Bruen* redefined the Second Amendment and the ways courts analyzed firearm regulations.

33. No longer was seriousness, cross-jurisdictional consensus and the like relevant. Now the test is, in its simplest terms, whether or not the firearm regulation at issue is consistent with United States tradition of firearm ownership and regulation.

34. In *Range v. Attorney General of the United States,* the Third Circuit issued its first holding, *en banc*, for a post-*Bruen* as-applied challenge. Bryan Range was prohibited from possessing firearms due to his 1995 conviction for "making a false statement to obtain food stamps in violation of Pennsylvania law" under 62 Pa.C.S. § 481(a). *Range v. Att'y Gen. United States of Am.*, 69 F.4th 96, 98 (3d Cir. 2023). The crime for which he was convicted is a misdemeanor of the first degree, and under Pennsylvania law, carries a maximum possible sentence of 5 years imprisonment. *Id*.

35. Two major holdings regarding Second Amendment analysis were delivered by the court: 1) "the people" protected by the Second Amendment are not limited to "law-abiding, responsible citizens" and 2) once a law is determined to regulate Second Amendment conduct, the government must prove it is justified in stripping one's Second Amendment rights "by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.* at 103. "To be compatible with the Second Amendment, regulations targeting longstanding problems must be 'distinctly similar' to a historical analogue." *Id.*

36. Mr. Heussman is one of "the people" protected by the Second Amendment.

37. Mr. Heussman's Second Amendment rights are regulated by Defendants' prohibition of his possession of firearms under 18 U.S.C. § § 921 (a)(20)(B) and 922(g)(1).

38. As Mr. Heussman's Second Amendment rights are being regulated and he is one of "the people" protected by the Second Amendment, the burden shifts to the Defendants to demonstrate that the firearm regulation, namely Heussman's prohibition due to his Driving Under the Influence conviction, "is consistent with this Nation's historical tradition." *New York State Rifle & Pistol Association v. Bruen*, 142 S. Ct. 2111, 2126 (2022).

39. It is believed and therefore averred that the Defendants cannot meet this burden.

40. Accordingly, Mr. Heussman's circumstances are not similar to those persons historically excluded from the right to bear arms. Therefore, the prohibition as applied to Mr. Heussman is unconstitutional.

41. In a similar case, this Court held, "[t]he Government has not met its burden in proving that the prohibition on Plaintiff's possession of a firearm due to his DUI conviction is consistent with historical firearms regulations." *Williams v. Garland*, 2023 WL 7646490, at *4 (E.D. Pa. Nov. 14, 2023).

42. The court elaborated, "Although this Court remains quite concerned about the prospect of granting access to firearms to persons who have demonstrably abused alcohol, it is not convinced that the general dangerousness of drunk driving and of combining firearm use and alcohol consumption establishes that DUIs must therefore be considered sufficiently analogous to historical examples of 'dangerous' conduct that have previously served as grounds for disarmament." *Id*.

43. Here, Heussman, like the Plaintiff in *Williams* is prohibited from possession of firearms due to his Driving Under the Influence conviction. Heussman asks this Court to follow the precedent in *Williams* and hold Heussman's firearm prohibition under 18 U.S.C. § § 921 (a)(20)(B) and 922(g)(1) is unconstitutional as applied to him.

44. Due to Mr. Heussman's unique personal circumstances, including but not limited to the nature of his misdemeanor convictions, the passage of time since those convictions, the absence of violent history, his trustworthiness with firearms and the lack of danger that his possession of firearms would pose, and, most importantly, the fact that the Government cannot meet its burden to demonstrate permanently disarming Mr. Heussman is consistent with this Nation's historical regulation of firearm ownership it is unconstitutional to apply against Mr. Heussman personally the firearms prohibition of 18 U.S.C. § 922(g)(1) based upon his 2007 conviction for Driving Under the Influence under 75 Pa.C.S. § 3802(a)(1).

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment in his favor, and against Defendants, as follows:

a) A declaration that 18 U.S.C. § 921(g)(1) cannot be applied against Mr. Wayne Heussman based upon his 2007 misdemeanor conviction for Driving Under the Influence under 75 Pa.C.S. § 3802;

b) A declaration that application of 18 U.S.C. § 922(g)(1) against Mr. Wayne Heussman based upon his 2007 misdemeanor conviction for Driving Under the Influence under 75 Pa.C.S. § 3802 violates the Second Amendment to the United States Constitution;

c) An order permanently enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing 18 U.S.C. § 922(g)(1) against Mr. Wayne Heussman based upon his 2007 misdemeanor conviction for Driving Under the Influence under 75 Pa.C.S. § 3802;

d) Costs of suit;

e) Attorney Fees and Costs pursuant to 28 U.S.C. § 2412; and

f) Any other further relief as the Court deems just and equitable.

Respectfully submitted,<br>
GIARAMITA LAW OFFICES, P.C.<br><br>
/s/ *Richard S. Roberts Jr.*<br>
Richard S. Roberts, Jr., Esquire<br>
Attorney for the Plaintiff<br>
70 E. Broad St., 2nd Floor, PO Box 1426<br>
Bethlehem, PA 18016-1426<br>
Tel: 484-558-0076/ Fax: 484-202-6332<br>
Email: rich@glawpa.com

Date: February 22, 2024

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Wayne Gunther Heussman

**DEFENDANTS**
Merrick B. Garland, Steven Dettelbach, Christopher A. Wray, and the United States of America

**(b)** County of Residence of First Listed Plaintiff: Lehigh
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Richard S. Roberts, Jr., Esq.
Giaramita Law, 70 E. Broad St., PO Box 1426,

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [x] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)* — Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**
*PERSONAL INJURY*
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [x] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

*PERSONAL INJURY*
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS**
*Habeas Corpus:*
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
*Other:*
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

**V. ORIGIN** *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
_____
Brief description of cause:
Second Amendment as-applied claim for delcaratory and injunctive relief from alleged 18 U.S.C. 922(g)(1) disability

**VII. REQUESTED IN COMPLAINT:**
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [x] No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 2/22/24
SIGNATURE OF ATTORNEY OF RECORD: /s/ Richard S. Roberts Jr.

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Wayne Gunther Heussman | : | CIVIL ACTION |
| v. | : | |
| Merrick B. Garland, et al | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (x)

| | /s/ Richard S. Roberts Jr. | |
|---|---|---|
| 2/22/24 | Richard S. Roberts, Jr., Esq. | Wayne Gunther Heussman |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 484-558-0076 | 484-202-6332 | rich@glawpa.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02



# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: **4801 S. 5th Street, Emmaus, PA 18049**

Address of Defendant: **Harrisburg Federal Building and Courthouse, Strawberry Square, Harrisburg, PA 17108**

Place of Accident, Incident or Transaction: **Lehigh County, PA**

---

*RELATED CASE IF ANY:*

Case Number: **n/a**   Judge: _____   Date Terminated: _____

Civil cases are deemed related when **Yes** is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]   No [x]
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit Pending or within one year previously terminated action in this court?   Yes [ ]   No [x]
3. Does this case involve the validity or infringement of a patent already in suit or any earlier Numbered case pending or within one year previously terminated action of this court?   Yes [ ]   No [x]
4. Is this case a second or successive habeas corpus, social security appeal, or pro se case filed by the same individual?   Yes [ ]   No [x]

I certify that, to my knowledge, the within case [ ] **is** / [ ] **is not** related to any now pending or within one year previously terminated action in this court except as note above.

DATE: **2/22/24**   **/s/ Richard S. Roberts Jr.**   **318642**

*Attorney-at-Law (Must sign above)*   *Attorney I.D. # (if applicable)*

---

**Civil (Place a √ in one category only)**

A. *Federal Question Cases:*
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Wage and Hour Class Action/Collective Action
6. [ ] Patent
7. [ ] Copyright/Trademark
8. [ ] Employment
9. [ ] Labor-Management Relations
10. [ ] Civil Rights
11. [ ] Habeas Corpus
12. [ ] Securities Cases
13. [ ] Social Security Review Cases
14. [ ] Qui Tam Cases
15. [x] All Other Federal Question Cases. *(Please specify)*: **constitutional question**

B. *Diversity Jurisdiction Cases:*
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify)*: _____
7. [ ] Products Liability
8. [ ] All Other Diversity Cases: *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration)*

I, **Richard S. Roberts, Jr.**, counsel of record *or* pro se plaintiff, do hereby certify:

[ ] Pursuant to Local Civil Rule 53.2 § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[x] Relief other than monetary damages is sought.

DATE: **2/22/24**   **/s/ Richard S. Roberts Jr.**   **318642**

*Attorney-at-Law (Sign here if applicable)*   *Attorney ID # (if applicable)*

NOTE: A trial de novo will be a jury only if there has been compliance with F.R.C.P. 38.